JOHN ROBINSON v. THE STATE OF MISSISSIPPI, use, etc.

1. SHERIFF AS SPECIAL ADMINISTRATOR—SURETIES ON HIS OFFICIAL BOND NOT LIABLE.—The appointment of the sheriff as administrator, under the 68th article of the Code of 1857, at page 440, is a special matter, *dehors* the duties of his office as sheriff, and in respect to which the sureties on his official bond are not responsible.

ERROR to the circuit court of Madison county. CUNNINGHAM, J.

The opinion fully states the case decided.

The following are the errors assigned:

1. That the declaration shows no liability of said plaintiff in error, because, 1. The said plaintiff in error, as surety on the bond of said Cheatham, as sheriff, here sued on, was not liable in law for said Cheatham's default as administrator of Clark's estate; 2. The declaration shows no *devastavit* by said Cheatham as administrator of the estate of said Clark; nor is this defect supplied by the record.

2. The third instruction for plaintiff was error; 1. In stating that the decree of the probate court was evidence of *devastavit;* 2. In confining the defense solely to the grounds of payment, no record of decree, or

fraud, to the prejudice of the plaintiff in error, a surety.

3. The fourth instruction for plaintiff was error, because, 1. It rendered Robinson liable in this action, and authorized judgment against him, by reason of his having been surety for Cheatham as sheriff on other bonds than the one sued on, and for defaults of Cheatham as administrator, committed at any time or times other than the period to which the bond sued on extended; 2. In holding that Robinson, as surety on the bond of Cheatham, as sheriff, was bound thereby for Cheatham's acts of mal-administration as administrator of the Clark estate.

4. The court erred in refusing to grant the 1st, 4th and 5th instructions, severally asked in behalf of plaintiff in error.

5. The court erred in permitting the plaintiff's attorney to file pleas for the defendant, Cheatham.

6. The court erred in allowing the suit to be revived in the name of the heirs-at-law of plaintiff's usees.

7. The court erred in permitting the bond of Cheatham, with Robinson and Echols, sureties, to be read in evidence.

8. The court erred in admitting in evidence the bond mentioned in the declaration as the foundation of liability on the part of Robinson for *devastavit* as administrator of Clark's estate.

9. The court erred in admitting in evidence the orders of the probate court at December term, 1855, granting letters of administration on Clark's estate to Cheatham, sheriff, notwithstanding the objections of Robinson.

10. The court erred in admitting in evidence the copy of the paper purporting to be a decree of the probate court, in the matter of the final settlement of Cheatham, administrator, said paper not appearing to be a decree of said probate court.

11. The court erred in admitting the testimony of Mc-Micken, because, 1. The *fieri facias*, testified to by him, was against Cheatham, individually, and not to be levied of the assets of the estate of Clark in his hands, and was therefore incompetent evidence to show *devastavit* by Cheatham ; 2. The sheriff's docket, required by law to be kept, was not produced, to show that it contained no entry of such execution, and no excuse, search or diligence is shown to account for its non-production, in order to let in secondary evidence of its contents; hence, in this respect, the testimony was inadmissible.

*A. H. Handy* and *Franklin Smith*, for plaintiff in error,

*Geo. L. Potter*, for defendant in error,

Filed elaborate written arguments, too long for insertion, and too compact to justify the reporter in condensing them.

PEYTON, C. J. :

It appears from the record in this case, that the state of Mississippi instituted suit in the circuit court of Madison county, for the use of Joseph W. Garrett and Mary Hubbert, distributees and heirs-at-law of Flavius J. Clark and Clara G. Clark, deceased, against John H. Cheatham, John Robinson and Thomas Shackleford, on a bond for $20,000, executed on the 4th day of October, 1858, by said Cheatham, as sheriff of said county, with the said Robinson and Shackleford as sureties therein.

That on the 15th day of December, 1855, the said John H. Cheatham, as sheriff as aforesaid, was appointed by the probate court of said county, administrator of the goods and chattels, rights and credits of said decedents, and as such administrator, on the 16th day of March, 1867, on a settlement of his account with the

probate court, he was found indebted to said estate in the sum of $14,850.97, which he was ordered by a decree of said probate court to pay over to the said usees as heirs-at-law and distributees of the estate of said decedents, which had been administered by him. And his failure to comply with the decree of said court, and pay over the money therein specified to the said distributees, is alleged as a breach of the condition of his said official bond as sheriff as aforesaid.

And that on the 25th day of October, 1871, the suit was dismissed as to Thomas Shackleford, and judgment rendered therein in favor of the plaintiff for the use aforesaid against the said John H. Cheatham and John Robinson, for the sum of $16,400. And from this judgment the said John Robinson prosecutes this writ of error.

From this statement of the case, it will be readily seen that the main question presented for our consideration is, whether the surety on the sheriff's official bond, as sheriff, is liable for any default of his principal in the administration of any estate of which he may have been appointed administrator by the probate court under the statute of 1857.

It is insisted by the counsel for the defendant in error, that the faithful administration of an estate, of which the sheriff has been appointed administrator under said act, is a part of his official duty as sheriff, and as such is covered by his bond, and therefore his surety on his bond as sheriff is liable for any mal-administration or default in the administration of such estate; and in support of this construction of our statute, we are referred to the Revised Code of Virginia of 1819, page 390 of the first volume, the 67th section of which provides that, "if all the executors named in any last will shall refuse to undertake the executorship, on being required to give security, shall refuse to give, or be unable to procure the same, and no person will

apply for administration with the will annexed, or if no person shall apply for administration of the goods and chattels of any intestate, it shall be lawful for the general court, or any other court having jurisdiction of such probate or administration as hereinbefore mentioned, after the expiration of three months from the death of the testator or intestate, to order the sheriff, or other officer of the county or corporation, to take the estate into his possession; whereupon such sheriff or other officer, without being required to give any other bond or security than he may have already given, or take any other oath of office than he hath before taken, shall be to all intents and purposes the administrator, and shall thenceforward be entitled to all the rights, and bound to perform all the duties of such administrator. Under this statute it has been held in that state, that the surety of the sheriff on his official bond would be liable for any default or mal-administration of an estate thus committed to the sheriff. 1 Lomax on Executors, 146; 5 Leigh, 198, 392. The sheriff, when administration of an estate was thus committed to him, was not required to give any other bond or security than he may have already given. This language clearly implies that the bond already given shall be the security for the faithful administration of the estate. The bond and security already given by the sheriff was considered by the legislature sufficient to secure the faithful administration of the estate. The words "any other bond or security" in the act, imply an existing bond or security, which could be no other than the sheriff's bond.

The 68th article of our Code of 1857, at page 440, provides, that "if it shall be made known to, or ascertained by, the judge of probate in any county, that any person has died, either in this state or out of it, and has left personal property in the county of such judge, and no one will qualify as executor or administrator within

six months, it shall be the duty of the probate court to appoint the sheriff of the county to be administrator, whose duty it shall be to proceed to administer the estate according to law, and under the direction of the probate court; but no sheriff shall be required to give security for his faithful administration, nor shall he be bound to incur any cost except out of the estate, and he shall be allowed at least ten per cent on the amount of the estate, if finally settled by him, or less, if not settled.  And any sheriff who may be so appointed administrator, shall make a settlement of his administration at the termination of his office, and deliver whatever property he may have of the estate at that time to his successor in office or to such other person as may be appointed administrator."  This language is very different from that of the Virginia statute.  There the statute says that the sheriff shall not be required to give any other bond or security than he may have already given, for his faithful administration.  Here, the statute provides that he shall not be required to give security for his faithful administration.  Had it been contemplated by the legislature that the sheriff's bond should be security for his faithful administration, propriety of language would have required them to say that he should not be required to give any other security for his faithful administration.  This would have implied an existing security, and as there was no other in existence than the sheriff's bond, it might be fairly inferred that was intended.  But we are precluded from drawing any such inference by the language of the act itself, which expressly provides that no sheriff shall be required to give security for his faithful administration.  If the sheriff be held liable on his bond, it will be security given by him in the face of the statute, which expressly exempts him from giving it.  And this view of the law is believed to be fully sustained by the fact that the learned and able codifiers of our laws in 1857, and the legislature that

adopted their labors, wholly omitted to insert in the code of that year the provisions which the legislature of 1846 deemed necessary to secure the liability of the sheriff and his sureties on his official bond in such cases. The second section of the act last above referred to, provides that, where administration of the estate of any deceased person has been committed to a sheriff by the probate court, " such sheriff, and his sureties upon his official bond, shall be liable to any party interested in the estate for a *devastavit*, or any other improper management of such estate, in the same manner, and to the same extent, as administrators and their securities are liable thereon." If it was intended to continue the liability of the sheriff and his sureties on his official bond in such cases, why was this provision omitted in the Code of 1857, and an express provision inserted therein that no sheriff be required to give security for his faithful administration of the estate in such cases?

It is a well known fact, that administrations of estates of any considerable value are generally applied for, and in many instances sought after, for the pecuniary profits arising from the management of such estates, and administration of small estates, which furnish no such inducement to administer, are, from necessity, conferred by the probate court on the sheriff of the county, whose high position and responsible office may well be supposed to furnish some guaranty for the faithful administration of these small estates, and of his ability to respond out of his own estate for any default in the management of the same. In these cases, labor and services are imposed upon the sheriff, which he cannot refuse to perform, and often without much prospect of a fair compensation. And hence it is, that the legislature has thought proper not only to exempt him from giving security for his faithful administration, but to protect him against any cost out of his own estate, which he might incur in the

course of administration, and to allow him by way of compensation, for the additional labor and duties thus imposed upon him, at least ten per cent on the amount of the estate, which exceeds by three per cent the allowance made to any other administrators.

In the case under consideration, John Robinson, in 1858, became security on the bond given by John H. Cheatham as sheriff of Madison county, for the faithful discharge of the duties of sheriff, and by reference to the condition of the bond, it will be seen that the administration of estates of decedents constitutes no part of the official duties of the sheriff, and although, in certain cases, in the absence of any other administrator, the law makes it the duty of the probate court to appoint the sheriff of the county to be administrator, yet the term "sheriff" is a mere designation of the person to whom the court is required to commit the administration. But, when appointed administrator, he acts in the new character conferred by the appointment, and the duties imposed upon him as administrator are different and distinct from those required of him as sheriff. He acts in two capacities, one as sheriff and the other as administrator, and the failure to perform the duties of one, cannot be regarded and treated as a breach of the obligation to perform the duties of the other.

It may be laid down as a general rule, as to the extent and construction of an engagement of a surety, that he shall not be bound beyond the extent of the agreement, which shall appear, from the expression of the security, and the nature of the transaction, to have been in his contemplation at the time of entering into it. And in accordance with this rule, we have arrived at the the conclusion that the plaintiff in error is not liable on the sheriff's bond for any default of his principal in the administration of the estate of decedents.

The judgment is reserved, and the suit dismissed.

The defendant petitioned the court for a re-argument, and after argument by

*Geo. L. Potter*, for the petition, and

*A. H. Handy* and *F. Smith*, contra,

The onclusions arrived at in the preceding opinion of the chief justice were adhered to in the following opinion :

TARBELL, J. :

Petition for re-argument. The question involved depends upon the construction of article 112, p. 120, article 68, p. 440, and article 186, p. 136, Code of 1857.

Article 112, p. 120. "Of Sheriffs:" " There shall be chosen  *  *  *  one sheriff for each county,  *  *  * and  *  *  *  he shall  *  *  *  enter into bond with two or more good and sufficient sureties, to be approved in the manner required by law, in the penalty hereinafter specified, and conditioned according to law."  *  *  *

Article 68, p. 440. Probate Court: In the circumstances named, " it shall be the duty of the probate court to appoint the sheriff of the county to be administrator, whose duty it shall be to administer the estate according to law, and under the direction of the probate court; but no sheriff shall be required to give security for his faithful administration, nor shall he be bound to incur any cost except out of the estate, and he shall be allowed at least ten cent on the amount of the estate, if finally settled by him, or less if not settled."  " And any sheriff who may be appointed to administer, shall make a settlement of his administration at the termination of his office, and deliver whatever property he may have of the estate at the time to his successor in office, or to such other person as may be appointed administrator."

Article 186, p. 136.  " Official Bonds :"  " All officers

of this state, required to give bonds," etc., the same shall be "in the following form, and to the following effect, to wit: if the said bounden party shall faithfully perform and discharge all the duties of the said office of" (sheriff) "and all the acts and things required by law, or incident to the said office, during his continuance therein, then" the obligation to be void, etc.

It will be noticed by these provisions: 1, that they do not in terms declare the sureties on the sheriff's bond to be liable for his acts as administrator; 2, but it is declared that he shall not be required to give security for his faithful administration; and, 3, if the sureties on the bond of the sheriff are liable for his failure properly to discharge the duties of administrator, they are so made liable only by the terms in which the statute directs the bonds to be drawn, a general form of bond prescribed for all state and county officials; but the article defining the form of the bond is thereby declared to be directory only; and a failure to observe the form therein prescribed shall not vitiate any official bond; and all official bonds shall be valid and binding, in whatevor form they may be taken. The duty of administering upon estates is not an "incident" of the office of sheriff, nor is it "required" of him "by law," except by appointment of the probate court. By the Virginia statute referred to, the sheriff, on assuming the duties of administrator, was not required to give "any other bond or security than he may have already given," while by our code he shall not be required to give "security for his faithful administration."

If the eminent codifiers of the model Code of 1857 intended the sureties on the sheriff's bond to be liable for his administration of estates, I am not willing to believe such purpose to have been hidden in the general form of official bonds prescribed by them, but that, upon a matter of such vital importance and general interest, they would have expressed the law clearly and directly.

So far from fixing the liability of the sureties of the sheriff for his acts as administrator, under article 186, p. 136, I am satisfied the language of art. 68, p. 440, positively negatives such a theory. The construction of the sheriff's bond, urged in the maintenance of this action, presents art. 186, p. 136, and art. 68, p 440, in direct antagonism, as I understand the latter. By art. 19, § 2, Hutch. Code, p. 680, Laws of 1846, the sheriff and his sureties upon his official bond were declared to be liable to any party interested in an estate upon which he had administered, for *devastavit* or other improper management thereof. This provision not only is not embraced in the Code of 1857, but it is therein enacted that "no sheriff shall be required to give security for his faithful administration;" and, it is provided, art. 3, p. 43, Code of 1857, that, "from and after the said first day of November, one thousand eight hundred and fifty-seven, all acts and parts of acts, the subjects whereof are revised or consolidated and re-enacted in this Revised Code, or repugnant to the provisions contained therein, shall be, and the same are hereby repealed, subject, however, to any express regulations relating thereto which may be contained in this Code."

In view of these provisions, I cannot bring my mind to the conclusion that the sureties of the sheriff in this class of cases are concluded by art. 186, p. 134, Code of 1857; but am well satisfied with the conclusion stated in the opinion of the Chief Justice delivered in this case on a former occasion.

I am, therefore, opposed to a re-argument.